JACOBS, Circuit Judge,
concurring.
I concur in the dismissal of Messiah’s petition, but I do so on a different ground. The majority upholds the district court’s denial of Messiah’s Batson motion challenging the strike of Mr. Woodbury on the ground that the trial judge rendered “a succinct but adequate Batson ruling.” I respectfully disagree. In my view, the “succinct” words cited by the majority cannot satisfy the procedural requirement that our cases impose on trial judges to make explicit step-three Batson rulings. The phrases relied on by the majority— “With reference to these. That’s five, five by the people” — merely announce the current total of the prosecution’s peremptory challenges without a word as to the Batson motion itself.. Jury Selection Tr., 78, Apr. 13, 1995. There is, however, another available (and sufficient) ground for affirmance. I would dismiss Messiah’s Batson motion challenging the Woodbury strike on the ground that Messiah’s defense counsel failed to object to the prosecutor’s nondiscriminatory rationale, and thereby failed even to precipitate a step-three Bat-son adjudication under New York law.
I
The majority recites that the trial judge “unequivocally stated on the record his acceptance of all five of the prosecutor’s strikes, including that of Woodbury” after “listen[ing] to the arguments [and] ask[ing] defense counsel if he had anything more to contribute,” and concludes that this constitutes an adequate step-three Batson ruling because it is “evident that the trial judge did not discredit or find unpersuasive the prosecutor’s race-neutral explanations for striking Woodbury.” This approach is defective as an application of our standard for step-three Batson rulings, and as a matter of fact.
As to the standard, the trial judge must “explicitly adjudicate] the credibility of the non-moving ... party’s race neutral explanations for ... peremptorily striking potential jurors.” Jordan v. Lefevre, 206 F.3d 196, 200 (2d Cir.2000) (emphasis added); see Barnes v. Anderson, 202 F.3d 150, 156 (2d Cir.1999) (holding that “denial of a Batson motion without explicit adjudication of the credibility of the non-movant’s race-neutral explanations for the challenged strikes” constitutes error) (emphasis added); see also Galarza v. Keane, 252 F.3d 630, 636 (2d Cir.2001) (“We have repeatedly emphasized that a trial court may not deny a Batson motion without determining whether it credits the race-neutral explanations for the challenged peremptory strikes.”). Explicitness is required to support the “great deference” we accord “the trial judge’s determination of discriminatory intent and credibility,” Jordan v. Lefevre, 206 F.3d at 200, and to protect the Equal Protection right itself, see id. (citing Batson v. Kentucky, 476 U.S. 79, 98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), for proposition that “the trial court has a ‘duty to determine if the defendant has established purposeful discrimination,’ ” and Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991), for proposition that the “duty *203 of assessing the credibility of the prosecutor’s race neutral reasons [embodies] the ‘decisive question’ in the Batson analysis”).
I agree with the majority that explicitness requires no more than that the trial judge “make clear whether he credits the non-moving party’s race-neutral explanation for striking the relevant panelist,” for example through “unambiguous rejection of a Batson challenge,” and that no “talis-manic recitation of specific words” is needed. Galarza, 252 F.3d at 640 n. 10. Thus, when the trial judge stated that the defense counsel’s motion for a mistrial with respect to the striking of another juror was “denied,” that satisfied the explicitness requirement because it was a clear, individualized rejection of the Batson motion.
The language cited by the majority as constituting a ruling on the Batson motion challenging the Woodbury strike is not individualized — Messiah’s counsel made a Batson motion with respect to only one of the five jurors referenced by the judge— and has nothing evidently to do with the Batson motion itself. It was a running tally; indeed, a few moments later, the judge scored the number of peremptory strikes on the other side as “[flour by defendant,” a tally unrelated to Batson (the prosecutor having made no Batson motion). Jury Selection Tr., 78. Score-keeping in the course of moving along with the voir dire is not the definitive adjudication of a motion asserting a federal constitutional right.
The majority relies on McKinney v. Ar-tuz, in which the trial court’s statement— “I see no reason why the juror should not be seated”- — -was held sufficiently explicit. 326 F.3d 87, 99 (2d Cir.2003). McKinney is not analogous. In that case, the judge granted the Batson motion (seating the juror notwithstanding the peremptory challenge); since the default outcome of a peremptory strike is that the juror is excused rather than seated, there was no question that the trial judge had conducted and completed the required step-three Batson analysis. By contrast, when a trial judge acknowledges that a struck juror is gone, that observation is equally consistent with (i) a Batson step-three determination on the merits or (ii) a failure to consider the Batson motion.
II
I concur in the result nevertheless because Messiah’s defense counsel failed to object to the prosecutor’s non-discriminatory rationale, and thereby — per People v. Allen, 86 N.Y.2d 101, 111, 629 N.Y.S.2d 1003, 653 N.E.2d 1173 (1995) — failed to precipitate a step-three Batson adjudication. No explicit ruling on Batson was made by the judge because no Batson motion was made.
In Batson, the Supreme Court expressly left it to the states to establish procedures for adjudicating Batson claims so long as those procedures do not conflict with the core federal right. See Batson v. Kentucky, 476 U.S. 79, 90, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). New York’s Allen rule is not inconsistent with the right established by Batson and its progeny; this Court has adopted a similar rule for Bat-son motions made in federal trials. See United States v. Rudas, 905 F.2d 38, 41 (2d Cir.1990) (“Once the Government has offered reasons for its peremptory challenges, defense counsel must expressly indicate an intention to pursue the Batson claim.”).
Here, the New York Appellate Division cited to Allen; and (as a review of the record shows) defense counsel failed to meet the Allen requirements. This should be enough to affirm dismissal of a petition that cannot be granted unless the state *204 court decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
As the majority observes, the Appellate Division did not make clear that its invocation of Allen amounted to an independent procedural ground for rejecting Messiah’s appeal; as a consequence, this petition cannot be dismissed under the rule that bars federal habeas review of claims defaulted in state court pursuant to an independent and adequate state procedural ground. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir.1996). That does not, however, foreclose our consideration of Allen in deciding the merits of Messiah’s habeas petition — that is, whether the state court offended a settled rule of federal constitutional law. Such consideration is particularly important because an Allen waiver stops the Batson inquiry in its tracks, and prevents the development of a record useful for review of a Batson ruling on the merits. Indeed, the assessment on the merits is frustrated altogether unless defense counsel complies with Allen and presses the objection in a way that compels the court to decide the motion. Since Messiah waived his Batson motion, it is no wonder the trial judge glided past it without ruling on the merits, then announced the state of play, and moved on.
My approach requires me to distinguish DeBerry v. Portuondo, 403 F.3d 57 (2d Cir.2005), which holds that this Circuit’s adoption of an Allen-like rule as a matter of federal law, see United States v. Rudas, 905 F.2d at 41, does not compel a finding on federal habeas review that a Batson movant waives his claims if he does not object in state court to the non-moving party’s non-discriminatory rationale. See DeBerry, 403 F.3d at 66. That case does not speak to the issue in the present appeal: the effect of a state (not federal) procedural rule.